IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH MARSHALL, | ) | |
| | ) | No. 12 C 2591 |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, BRANDON SMITH, | ) | |
| RAYMOND WILKE, FRANCIS | ) | |
| HIGGINS, and D.J. MORRIN, | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, City of Chicago, Brandon Smith, Raymond Wilke, Francis Higgins, and D.J. Morrin, (hereinafter referred to as "defendants") by and through one of their attorneys, Kevin R. Gallardo, Assistant Corporation Counsel, for their answer, affirmative defenses, and jury demand state:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

**ANSWER:** Defendants admit that this action is brought pursuant to 42 U.S.C. § 1983 and that this Court has jurisdiction pursuant to 28 U.S.C. § 1343. Defendants deny the remaining allegations contained in this paragraph.

2. Plaintiff Kenneth Marshall is a resident of the Northern District of Illinois.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

3. Defendant City of Chicago is an Illinois municipality. Plaintiff joins the City as the potential indemnifier of the individual police officers for any award of compensatory damages and does not raise any other claim against the City.

**ANSWER:** Defendants admit the allegations of this paragraph.

4. Defendants Brandon Smith, Raymond Wilke, Francis Higgins, and D.J. Morrin (hereinafter "police officer defendants") were at all times relevant acting under color of their authority as Chicago police officers. Plaintiff sues each of the police officer defendants in his individual capacity.

**ANSWER:** Defendants admit the allegations of this paragraph.

5. On April 8, 2010, defendants Smith, Wilke, Higgins, Morrin and other Chicago police officers executed a search warrant at a single family dwelling in the 9900 block of South Sangamon Street in the City of Chicago.

**ANSWER:** Defendants admit the allegations of this paragraph.

6. Plaintiff was present when the officers entered the residence.

**ANSWER:** Defendants admit the allegations of this paragraph.

7. In the course of executing the warrant, the officers located a variety of contraband belonging to plaintiffs brother.

**ANSWER:** Defendants admit the allegations of this paragraph.

8. One or more of the police officer defendants caused plaintiff to be arrested for possession of a firearm.

**ANSWER:** Defendants admit the allegations of this paragraph.

9. At the time one or more of the police officer defendants caused plaintiff to be arrested for possession of a firearm, none of the officers present had any reason to believe that plaintiff had actual or constructive possession of the weapon.

**ANSWER:** Defendants deny the allegations of this paragraph.

10. After arresting plaintiff, one or more of the police officer defendants prepared police reports falsely stating that the firearm had been found in plaintiffs possession or control.

**ANSWER:** Defendants deny the allegations of this paragraph.

11. The above described acts caused plaintiff to be unreasonably seized from April 8, 2010 until December of 2010 and thereby deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:** Defendants deny the allegations of this paragraph.

12. Plaintiff demands trial by jury.

**ANSWER:** Defendants make no answer for this paragraph as plaintiff has directed no allegations toward Defendants that require their answer.

WHEREFORE, City of Chicago, Brandon Smith, Raymond Wilke, Francis Higgins, and D.J. Morrin, respectfully request that this cause be dismissed with prejudice, that judgment be entered in their favor and against plaintiff, with costs and that this court grant any other relief which it deems necessary and proper.

**Affirmative Defenses**

1. Defendants Brandon Smith, Raymond Wilke, Francis Higgins, and D.J. Morrin ("Defendant Officers") are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's amended complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be

lawful, in light of clearly established law and the information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2. To the extent that Plaintiff pleads state law claims, Defendants are not liable for injuries arising out of their exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

3. To the extent that Plaintiff pleads state law claims, Plaintiff cannot establish willful and wanton conduct on the part of Defendant Officers and therefore they are immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

4. To the extent that Plaintiff pleads state law claims, Defendants are not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

5. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

6. To the extent that Plaintiff pleads state law claims, and to the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his

claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7. To the extent that Plaintiff pleads state law claims, under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102.

8. To the extent that Plaintiff pleads state law claims, under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

9. To the extent that Plaintiff pleads state law claims, Defendant Officers are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by his failure to enforce any law. 745 ILCS 10/2-205.

10. To the extent that Plaintiff pleads state law claims, Defendant City of Chicago is not liable to plaintiff for any state law claim for which its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109.

11. Defendant City of Chicago is not liable to plaintiff for any federal claim for which its employees or agents are not liable to plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

12. Defendant City of Chicago is not liable for punitive damages under section 1983,

*see City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981), or under state law. *See* 745 ILCS 10/2-102.

      13.      To the extent that Plaintiff pleads state law claims, Plaintiff is not entitled to attorney fees for his state law claims. *See Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

### 12(b)(6) Defense

      1.      To the extent that Plaintiff pleads state law claims, the statute of limitations for state law claims against a municipality or its employees is one year. 745 ILCS 10/8-101. Plaintiff's amended complaint alleges that the incident on which it is based occurred on April 8, 2010. (Am. Compl. at ¶ 5.) Therefore, because Plaintiff filed his original complaint on April 9, 2012, all state law claims directed to the defendants should be dismissed as beyond the statute of limitations.

### JURY DEMAND

      The Defendants request trial by jury.

**DATED:  June 28, 2012**                            Respectfully submitted

                                                By:
                                                     /s/ Kevin R. Gallardo
                                                     KEVIN R. GALLARDO
                                                     Assistant Corporation Counsel

Attorney for Defendants
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 742-3902
Atty. No. 6296545

**CERTIFICATE OF SERVICE**

    I, Kevin R. Gallardo, hereby certify that on June 28, 2012, I caused a copy of **DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT** to be served upon all counsel of record by filing the same before the Court via the ECF system.

                                                        /s/ Kevin R. Gallardo
                                                        KEVIN R. GALLARDO